All right, we will go on to case number four. And case number four is Samuel Hogsett v. Eric Williams. It is appeal number 222182. And hello, Ms. Rofe. Mr. Hogsett is serving 15 years above the statutory maximum for his gun count. His sentence is unlawful and because he satisfies the Davenport factors, 2241 is the appropriate remedy. The district court found that Mr. Hogsett was not sentenced as an armed career criminal, but rather a career offender. This was wrong. Mr. Hogsett was sentenced as an armed career criminal and subject to a sentence 175 months above the statutory maximum. Counter to the district court's finding and the government's argument, it is irrelevant whether Mr. Hogsett's sentence falls within the advisory guideline range or within the sum of the statutory ranges. Further, if you see, oh, you finish your thought. I'm sorry. Well, it seems to me that one of the keys to this case rests on what Rutherford did and whether it opened the door to an argument that Illinois robbery is not a crime of violence under the ACAA. Walk me, walk us through why you think Rutherford did not open the door for this argument such that Hogsett could have made the argument earlier. Yes, Your Honor. Davenport's second prong requires an individual have a reliable judicial determination of the legality of their sentence. Rutherford, he could not have relied on Rutherford for two reasons. First, it was fabricated by Begay in 2008. And second, any statements regarding the elements clause in which crime would qualify as an ACAA predicate was purely dicta and unbriefed by either party. The holding in Rutherford was limited to what mens rea qualified under the residual clause. The government also cites Campbell, but it is our position that Campbell would not have, that Mr. Hogsett also could not have relied on Campbell because Campbell was decided after his 2016 Johnson petition and Campbell also, Campbell's holding also swapped the dicta with the holding from Rutherford. Ms. Roth, you've suggested we don't need to or shouldn't wait for the Supreme Court's ruling in Jones. Why wouldn't we want to wait and see if they clarify anything of the savings clause that would be helpful to this court? Yes, Your Honor. Because I think you know our Davenport standard is not all circuits have followed that. Yes. It's our position that Mr. Hogsett is arguably over serving his sentence and would suffer irreparable harm. Obviously, the court has discretion and may, can say the proceedings and we would be happy to file supplemental briefing. However, this case law is quite settled and it has been since Davenport was decided in 98. If we agree with you though, he would be resentenced, correct? Yes, Your Honor. And of course, you know, we never know what will happen under those circumstances and we often warn lawyers. It can always be worse, believe it or not. Yes, Your Honor. And we'd be prepared to advise our counsel as such, or our client. My apologies. Ms. Roth, can I ask you to, go ahead. No, Judge Hamilton, please. Could you, can I ask you to focus on the third prong of the miscarriage of justice here? Do you think that leaves any room for equitable judgment? Mr., this court's case law has always said that a sentence above the statute for a maximum is a miscarriage of justice. And more specifically, that an erroneous act of enhancement is a miscarriage of justice. Well, I'm wondering about these circumstances and where I want you to go is I'd like you to describe for me a reckless robbery. Yes, Your Honor. However, it's our position that it's not Mr. Hawks' burden to show a reckless robbery. We can imagine it happening where an individual goes to steal a purse. And then when stealing the purse, the owner of the purse falls down a flight of stairs or falls onto the sidewalk. However, unintentional that force was when taking the purse, it can happen. And it does happen. Sorry. Application of force to grab the purse, that would be theft, right? Yes. Okay. And so the fact that a person may be injured may or may not indicate that the person, that the criminal directed force at the person, right? So how do we get force recklessly directed at the victim? Well, if the individual is going to steal the purse, committing theft, and like with the stealing of the purse, that person ends up like feeling the force of the individual, that force could have been committed recklessly, not intending to push them over, but perhaps an unintentional reckless force. Have there, have any Illinois cases, actually have any cases anywhere applied a recklessness standard to hold somebody guilty of robbery? It's our position that it's not Mr. Hawks' burden to show. I understand that. I'm asking you, can you point us in Illinois law or for that matter any other state's law to a case that found somebody guilty of a reckless robbery? Yes, your honor. The District of Maryland has found a reckless robbery under the Borden, the new Borden standard, and additionally. Sorry, where somebody was convicted of a reckless robbery? Yes, I believe so. What case is that? May I provide you the case citation rebuttal? Sure. But was that, was that a 2241 or 2255 case, or was it a state court saying recklessness was sufficient for robbery? It was a federal district court finding that reckless sufficed in that circumstance. In a habeas case? Was that a habeas case? Okay. I've looked at Jones, okay, the Illinois case that everybody's relying on for recklessness being sufficient under and I'm having trouble, I understand it said that, but it looks to me like pure dicta. Jones looks to me like it actually held that an information charging armed robbery because the defendant took property from the victim was sufficient to allege knowledge and therefore that theft could be treated as a lesser included offense. So I'm, have the Illinois courts ever held anybody accountable for robbery for just recklessness? In Peabody Jones, they're referring to the statute. I understand that. I'm also, you understand the government's position and this gets at my question about equitable judgment here. We have, it looks to me like you're asking to set aside, for us to use 2241 to set aside a serious sentence for a very serious and violent crime based on a highly theoretical and maybe non-existent possibility. Reckless robbery isn't highly theoretical. It's something that the criminal justice system. Is there an example? It's not Mr. Hogshead's burden to point to. Okay, I take it the answer is no. You don't have an example. The District of Maryland has found that it can be committed recklessly. The Illinois Supreme Court has acknowledged that. The Illinois legislature amended its Illinois robbery to require knowing in 2012 so clear before it could have been recklessly. Do you think we're prohibited under section 2241 from looking for a realistic possibility that the statute might be violated in the way you're describing in deciding whether there's been a miscarriage of justice? Yes, your honor. It would not be appropriate to apply the realistic probability test in this circumstance after the Supreme Court's recent decision in Taylor because Illinois robbery is facially overbroad here. Illinois robbery can be committed recklessly because the statute says so on its face when it is silent as the mens rea. Any of them can apply including recklessness and this is also supported by a Supreme Court precedent in United States v. Ruan which recently re-articulated the long-standing premise that we presume we favor a presumption of scienter for each material element enforced as a material element of Illinois robbery. The Illinois legislature amended it in 2012 and Mr. Hogsett was sentenced in 2007 for a reckless robbery. You think what he did was reckless? We don't have the facts presented about his robbery specifically so and because the crime is indivisible you don't look to any shepherd documents and the PSR wouldn't be a shepherd document anyways. And you think we're not in in terms of trying to figure out whether there's been a miscarriage of justice we're not allowed to consider that? Yes your honor because Mr. Hogsett has suffered a miscarriage of justice because for count one he was sentenced almost 15 years above the statutory maximum and that's an invalid sentence and this court has repeatedly held that and this court has repeatedly held that erroneous ACCA enhancement a fundamental sentencing defect is a miscarriage of justice. Oh I see my time's run out um thank you. Thank you we're going to give you your rebuttal. Okay Mr. Dean good afternoon well hello Mr. Dean. Good morning your honors may it please the court David Dean for the appellee Eric Williams. The judgment of the district court should be affirmed appellant Samuel Hogsett has failed to establish the prerequisites for access to or the narrow what this court is often referred to as the narrow pathway to 2241 relief via the savings clause. Specifically Mr. Hogsett has failed to establish either the second or third prong of this court's Davenport test for savings clause relief. Okay here we go. Mr. Dean your brief and you just asserted that Hogsett cannot clear the second prong of Davenport because he could have invoked his arguments in a prior 2255 petition but in the briefing in Jones before the Supreme Court the government takes the position that a better interpretation of Supreme Court's law is that a petitioner need not show that his claim was previously foreclosed by circuit precedent. Of course I mean it is not necessarily inconsistent to fashion an argument in this circuit based on this circuit's case law and simultaneously assert that our interpretation is wrong but I would like to hear your thoughts about well I guess the validity of the second prong of Davenport. Your honor I think this court is often recognized that the current state of the Davenport test is certainly complicated. I think that that is one of the reasons that militates in favor of a stay of this case pending Jones v Hendricks but under the current law I think Mr. Mr. Hogsett was clearly required to show the claim he's the argument he seeks to make was foreclosed by binding precedent in this circuit and I think the Rutherford case the problem for Mr. Hogsett and I think it's an insurmountable one your honor is that this court did decide Rutherford in 1995 and in Rutherford the court determined that an offense that can be committed through either the negligent or reckless use of force does not satisfy the elements clause of the sentencing guidelines and therefore and this court has repeatedly cited Rutherford for that proposition in the years since including in 2010 in the McDonald's and the Sonnenberg cases and in recently as 2017 in the Campbell case each of those cases your honor certainly treat the proposition in Rutherford as a holding now appellant has argued both in the brief and here this morning that that Rutherford that proposition in Rutherford is dicta. I think that that's wrong but ultimately your honor I think it doesn't actually matter because again the what the appellant's burden is to show that this argument was foreclosed by binding precedent and at a minimum what Rutherford shows is that at no point no relevant time was that argument foreclosed in this circuit in fact it's a very strong signal that the argument would potentially been received very well had he made it either on direct appeal in 2008 or the time of his initial 2255 petition in 2010. Now appellant is separately argued that Mr. Dean could you explain your argument that our precedent clearly says that somebody who was sentenced under an erroneous ACCA enhancement is a miscarriage of justice and here I don't think you dispute that he Mr. Hogshead is serving a sentence that exceeds the statutory maximum on count one if ACCA didn't apply. Yes your honor. So how isn't that under our precedent a miscarriage of justice even if the court could have given the same sentence by spreading it down over different counts on the career offender we don't know what the court would do. Yes of course as I've just said it I believe this court can and should decide this case in the second prong alone but if it should reach the third prong. I understand. I think at least all of the prior cases where this court has held that an erroneous ACCA enhanced sentence constituted a miscarriage of justice each one of those cases that includes Gunther, Chazen and the recent Franklin v. Keyes case those are the three that I know about. In each one of those the defendant was sentenced had a single count sentence where he was sentenced to a gun conviction that was enhanced under the ACCA and thus changed from a statutory maximum of 10 years to a statutory minimum of 15. So by definition at that point the defendants were serving a legally unauthorized sentence. I think this case is legally and factually distinguishable because he has a total overall sentence which is still legal. But the count one sentence is illegal if the ACCA enhancement shouldn't apply. Do you agree with that? Standing alone yes it clearly would not be able to have a sentence in excess of 10 years if ACCA didn't apply. But I think to Mr. Judge Hamilton's point about equitable judgment I think it's unlike for example in direct appeal where the Palladino model would apply I think as you get farther and farther away from you know at the 2241 where the farthest level of remove and where the finality interests weigh the most heavily and I think in that instance it's entirely appropriate to look at the total overall sentencing package and see what the judge is trying to do and I think here it's actually very clear he was trying to reach the low end of the career offender enhanced guideline range. And is that something we can determine without it because the judge certainly didn't say that. It didn't say it explicitly and under Palladino that's what the court has chosen to require often saying it would be the easiest thing to do because on direct appeal it's you're usually much closer to the time of sentencing. As the court well knows when there's a resentencing after 2241 many years have passed and often it's assigned to a new judge so I don't think the same considerations weigh as heavily. As I've said I believe this case can be decided completely on reach the third prong but should the court reach prong three the courts have still affirmed because appellant is simply wrong on the merits. Illinois robbery cannot be committed through the reckless use of force. The supreme court in Borden was actually very clear that what matters is how the mens rea maps onto the specific use of force element of the crime and so most of the authorities that a confounding opinion in many respects but also the Illinois pattern jury instructions both of those only indicate that the taking element of Illinois robbery can be committed recklessly. That ultimately doesn't matter what the appellant has to show is the use of force can be committed recklessly and I think again for the reasons that Judge Hamilton has pointed out that's conceptually hard to fathom but more than that if you simply look at the statute that I would say the crux of the issue is the Illinois statutory provision which provides that if a particular element is silent as to mens rea then any one of purpose knowledge or recklessness will apply. It's the position of the government that that particular statutory provision should not apply to the Illinois use of force element of Illinois robbery because the statute itself actually albeit implicitly provides for a mens rea of at least knowledge. The Illinois robbery requires the taking of property from the person of another by force or threat of force. So there's not only the use of force but there's an object or an intention of that force that being the taking. Now putting those two together and arriving at a mens rea of at least knowledge is exactly what the board and plurality did. The Supreme Court did the board and plurality where it found where it looked at the elements clause of the ACCA and found because it requires the use of force again against the person of another those two things combined implicitly but necessarily excluded a mens rea of recklessness. So essentially the government is simply asking the court to apply the very same interpretive framework that the board and plurality used to Illinois robbery. And the way the Illinois Supreme Court has referred to the crime of robbery I think provides further support for the proposition that it couldn't possibly be performed recklessly. For example in People v. Dennis the Illinois Supreme Court said that the gist of the offense of Illinois robbery is the is force directed against the victim in order to deprive him or her of the property. When you when you talk about directing force I think that's fundamentally and conceptually incompatible with with recklessness or the conscious disregard for how that force is used. I'm running very short on time but unless there any other questions at this point the government can rest on its breath. Thank you. Thank you. All right Ms. Ross. Thank you. First I'd like to give you the case citation for the District of Maryland case. It's 20-22 Westlaw 4546737 and apologies it was not a habeas case. It was just a case involving whether Maryland robbery qualifies as a predicate after Borden. What's the name of the case? It's redacted versus redacted your honor. Seriously? Yes. Okay. I've never seen that. Mr. Hawks would not have relied on Rutherford because at the time when he filed his petitions Bedell existed, Dickerson existed, and Paisley existed all saying that a challenge to Illinois robbery as an act of predicate would be considered frivolous. The government argues or tells the court that they should disregard the plain language of the statute. You should not when it is finalized to mens rea we do apply recklessness and you cannot reconfigure a sentence to save it. This is analogous to a 2255 and when the court grants a 2255 they vacate the sentence and remand free sentencing and the individual can get sentenced on all counts as Mr. Hawks that should hear. Additionally there is a case U.S. v. Jennison where the individual had a four count indictment and was sentenced six months above the statutory maximum for one of those counts and although that was a direct appeal case it's very similar to the Palladino model and there the court considers whether it has affected substantial rights which is which has been analogized to the miscarriage of justice prong that we see in Davenport. Mr. Hawks that meets all the Davenport factors and this court should vacate and remand free hi we want to thank you uh before you uh leave us uh what year are you in? uh 3L your honor. You are at 3L well I fully expect and I am absolutely certain that uh Judge Hamilton, Judge St. Eve concur that we will be seeing you again. Hopefully. Thanks. Thank you so much for your uh fine representation of uh Mr. Hawks said and we certainly thank Professor Guernsey and uh the University of Iowa Law School as well and uh we thank the government as always too Mr. Dean wherever you are. All right cases taken under advisement we go